Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2831 | **DATE** | 11/14/2000 |
| **CASE TITLE** | Horace J. Griffin #11861 vs. James H. Page, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, both the Complaint and this action are dismissed for failure to state a claim. This dismissal is an added Section 1915(g) "strike," although Griffin has Griffin has assembled more than enough of those already. Finally, this dismissal is without prejudice to Griffin's reassertion of his claim against Adams (but not against Page or Springborn) in the vent that the Supreme Court's resolution of the Booth case were to eliminate the requirement of exhaustion of administrative remedies for a claim such as Griffin's.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | NOV 14 2000 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 11/14/2000 |
| SN | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | SN mailing deputy initials |

FILED FOR DOCKETING
00 NOV 14 PM 3: 56

Document Number 28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HORACE J. GRIFFIN, #N-11861,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　No. 00 C 2831
　　　　　　　　　　　　　　　　　　)
JAMES H. PAGE, et al.,　　　　　　 )
　　　　　　　　　　　　　　　　　　)　　**DOCKETED**
　　　　　　　Defendants.　　　　　 )
　　　　　　　　　　　　　　　　　　　　NOV 1 4 2000

## MEMORANDUM OPINION AND ORDER

Despite the prior accrual by frequent filer Horace Griffin ("Griffin") of a good many more than three "strikes" under 28 U.S.C. §1915(g),[1] this Court's May 18, 2000 memorandum order found that Griffin's most recent self-prepared Complaint (filed under this case number) could potentially qualify under the "imminent danger of serious physical injury" exception to Section 1915(g). During the period since then Griffin has actually paid the full $150 filing fee,[2] while at the same time he has engaged in a number of misguided litigation activities that have compelled this Court to issue a whole series of further memorandum orders (respectively issued on June 2, July 10, July 26 and October 26).

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] That payment mooted the difficulties Griffin had encountered in obtaining the printout of his trust fund account at his previous place of confinement--information necessary for this Court to make the installment calculation provided for in Section 1915(b)(1).

Now two of Griffin's three still-identified targets as defendants[3]--Stateville Correctional Center ("Stateville") Warden James Page ("Page") and Stateville's Assistant Warden of Operations Jerome Springborn ("Springborn")--have filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss based on Griffin's failure to comply fully with the exhaustion-of-administrative-remedies requirement of 42 U.S.C. §1997e(a) ("Section 1997e(a)").[4] For the reasons stated in this memorandum opinion and order, that motion to dismiss is unanswerable in the present state of law in this Circuit.

Although there are differing judicial points of view around the country as to the reading and application of Section 1997e(a), our Court of Appeals is among those that have required the exhaustion of administrative remedies even though they may not provide relief equivalent to (or even approaching) what is afforded to a successful 42 U.S.C. §1983 plaintiff (see, e.g., Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 534-35 (7th Cir. 1999), Massey v. Helman, 196 F.3d 727, 732-33 (7th Cir. 1999) and Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000)). It is quite true that at the end of last month the

---

[3] Griffin has voluntarily dismissed five of the eight defendants whom he had named in his original Complaint.

[4] Although the cited provision is in Title 42 rather than Title 28, its distinctive number should cause no confusion by reason of the shorthand use of the "Section" designation here as well.

United States Supreme Court granted certiorari in <u>Booth v. Churner</u> (S.Ct. Dkt. No. 99-1964, reported below at 206 F.3d 289 (3d Cir. 2000)[5]), and that the ultimate decision in <u>Booth</u> may perhaps resolve the issue differently or cast a different light on the matter. But such a speculative prospect does not call for this Court's nonadherence to its own Court of Appeals' doctrine--especially in light of the added factor mentioned in the next paragraph.

Although this Court expresses no view either as to the third remaining named defendant (Correctional Officer Adams, who has not yet been served with process) or, of course, as to Griffin's unidentified "Jean Doe" and "John Doe" added defendants, moving defendants Page and Springborn have also pointed out that nothing in Griffin's Complaint brings personal responsibility home to either of them for the claimed violation of Griffin's Eighth Amendment right[6] not to be subjected to cruel and unusual punishment, as defined by the standard established by <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994) and its progeny. In this Circuit <u>Langston v. Peters</u>, 100 F.3d 1235, 1237 (7th Cir. 1996)

---

[5] 69 U.S.L.W. 3289 and 3294 report the October 30 grant of certiorari.

[6] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guarantees).

3

and Lewis v. Richards, 107 F.3d 549 (7th Cir. 1997) are among the cases that have applying the Farmer analysis to situations substantially comparable to that alleged by Griffin and that have rejected liability on the part of the targeted defendants.

In summary, both the Complaint and this action are dismissed for failure to state a claim (as to all defendants on the first-stated ground, and as to movants Page and Springborn for a second reason). This dismissal is an added Section 1915(g) "strike," although Griffin has assembled more than enough of those already. Finally, this dismissal is without prejudice to Griffin's reassertion of his claim against Adams (but not against Page or Springborn) in the event that the Supreme Court's resolution of the Booth case were to eliminate the requirement of exhaustion of administrative remedies for a claim such as Griffin's.[7]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 14, 2000

---

[7] Because of this dismissal, Griffin's recent motion for appointment of counsel is denied as moot. If and when Griffin may seek to reassert his claim against Adams, he may of course choose to join that with an appropriate motion for counsel.